UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60103-CR-ZLOCH/Snow

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

MARCCENE JULESEUS,
   a/k/a Maxine Jules,
   a/k/a Maxena Jules,
   a/k/a Smith Josil,

       Defendant.
_____

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on defendant **Marccene Juleseus'** Refiled Motion Previously Withdrawn Requesting Dismissal of Indictment on Double Jeopardy Grounds (DE 39), which was referred to United States Magistrate Judge, Lurana S. Snow, for report and recommendation.

The defendant is charged by indictment with attempting to enter the United States after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). Previously, the defendant entered a guilty plea to using a false passport, in violation of 18 U.S.C. § 1543, in Case No. 06-60311-CR-LENARD. He contends that his guilty plea in that case operates as a double jeopardy bar to trial on the instant charge. Oral argument was held on the motion on June 1, 2007.

The defendant's motion states that prior to the return of the indictment in the case before Judge Lenard, counsel for the defendant forwarded mitigating evidence to AUSA Harry Wallace, requesting that the indictment be limited to attempted use of a fraudulent passport, with no charge for attempted re-entry after deportation. When the indictment was returned, the defendant was charged only with the passport violation and not with attempted re-entry. The defendant entered a guilty plea and was about to be released from prison when the instant indictment was returned. The defendant argues that the instant prosecution is in bad faith and is intended to subvert the Double Jeopardy Clause.

In the case before Judge Lenard, the record reflects no promise by the Government (in a plea agreement or elsewhere) that the defendant would not be charged with attempted re-entry after deportation. In that case, the Probation Officer who prepared the defendant's PSI recommended that his offense level be increased by two points for using a false passport after deportation. Counsel for the defendant successfully objected to the increase, without mentioning any promise that the defendant would not be prosecuted for the offense of attempted re-entry.

### RECOMMENDATIONS OF LAW

The Double Jeopardy Clause of the Fifth Amendment prevents placing an individual twice in jeopardy for the same offense. In <u>Blockberger v. United States</u>, 284 U.S. 299, 304 (1932), the Supreme Court held that, for Double Jeopardy purposes,

two offenses are different if "each provision requires proof of an additional fact which the other does not."  As the Government points out, the offense charged in the instant case contains several elements different from the elements in the offense charged in the case before Judge Lenard.

The offense charged in the instant indictment, violation of 18 U.S.C. § 1326(a), requires proof that the defendant is an alien and that he previously had been deported or removed from the United States, or had departed the United State while an order of deportation or removal was outstanding.  These facts need not be proved in a prosecution for attempting to use a false or fraudulent passport, in violation of 18 U.S.C. § 1543.  Conversely, the Government need not prove the use of any passport in a prosecution for attempted re-entry after deportation or removal.  Clearly the offenses charged in the two indictments are not the same for double jeopardy purposes.

The defendant argues that the instant prosecution was undertaken in bad faith and with intent to subvert the Double Jeopardy Clause.  While the defendant and his lawyer may have inferred (from the omission of the illegal re-entry charge from the indictment in the case before Judge Lenard) that the Government had decided not to charge him with this offense, the Government was not precluded from doing so.  <u>United States v. Dixon</u>, 509 U.S. 688 (1993).

3

## CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the Motion Requesting Dismissal of Indictment on Double Jeopardy Grounds (DE 39) be DENIED.

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 6th day of June, 2007.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Don Chase (FTL)
Martin Roth, Esq.